## CIRCUIT COURT OF FREDERICK COUNTY

Commonwealth of Virginia

    v.

Edward Wayne Eller

December 8, 1987

Case No. (Cr.) 5514

By JUDGE ROBERT K. WOLTZ

This case involving a summons charging violation of Code § 46.1-192.1 for disregarding signal to stop by police officer, a form of reckless driving, was heard jointly with No. 5526 charging "improper suspension" of a motor vehicle in violation of § 46.1-282.1 at a bench trial September 11, 1987. The defendant, appearing pro se, was found not guilty in the other case but guilty in this case.

The Commonwealth submitted an order reflecting the trial proceedings and results in both cases. The order was not duly entered as I rather infrequently hear traffic charges and felt it necessary to examine § 46.1-192.1 more closely before entering the order. I have examined that section closely and reviewed my notes of the testimony and, as a consequence, have concluded that I was in error in finding the defendant guilty of violation of this provision.

The Commonwealth's evidence disclosed that the officer observed the car of the defendant weaving and wanted to stop it to see what the trouble was. The officer turned

on the police lights on his car to signal the defendant for about four tenths of a mile without result, so the officer turned on his siren but still received no response from the defendant until the defendant pulled into a driveway, presumably his own, and stopped. The evidence was not specific as to the distance covered by the defendant while the siren was on, but by inference, the distance was relatively short. There was no prosecution evidence that after either the visual or audible signal was given by the officer that the defendant drove so as to endanger the operation of any vehicle or property or person, or that he increased his speed in an attempt to elude the officer.

Perhaps under these circumstances, assuming a driver receives either or both of the police signals, it should be a traffic violation not to stop. However, this is not what the statute makes an offense. The gravamen of Section 46.1-192.1 is after receiving the signal operation by the driver "in a willful or wanton disregard of such signal *so as to interfere with or endanger* the operation of the police vehicle or endanger other property or person," or to "increase his speed *and attempt to escape or elude* such police officer." (Emphasis added.)

The Commonwealth's evidence showed neither of these two activities by the defendant necessary to trigger operation of the statute. The evidence merely discloses that the defendant blithely continued down the road in disregard of the signals to private property on which he did stop. Without more as required by the statute, the defendant was not in violation of its provisions.

The defendant is now found not guilty in this case.